IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

AUG 2 9 2003

Robert M. march
CLERK
BY _____ DEP. CLERK

ANDREW LEE FERGUSON,

    Plaintiff,

v.                                                                       CIV 00-1371 MV/KBM

TIM HATCH, MIKE NEELY,
and SHANNON McREYNOLDS,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on **Defendant** Shannon McReynolds' motion for summary judgment, to which Plaintiff did **not respond**, *see Doc. 51;* Plaintiff's belated response to Defendant McReynolds' motion to dismiss this action for failure to respond to the dispositive motion, *see Doc. 56,* and Plaintiff's failure to respond to my previous order to show cause for lack of prosecution. *see Doc. 54.* I recommend that this action be dismissed for lack of prosecution or, alternatively, as without merit.

**I. Despite Notice, Plaintiff Failed To Respond To This Court's Prior Order**

In my prior order dated May 17, 2003, I advised Plaintiff of the Court's authority to dismiss actions for lack of prosecution. I specifically ordered him to respond to the Court's order to show cause, to respond to a prior order of the Court regarding service on Defendant Mike Neely; and to Defendant McReynolds' motion for summary judgment. Despite Plaintiff's failure to keep the court appraised of his new addresses, I searched the record and had the Clerk serve Plaintiff by certified mail at the most recent address I could find. The return receipt is signed by Plaintiff and dated June 10, 2003, and is part of the record on the left-hand side of the



file. I have also attached a copy of the signed receipt to this opinion.

In his belated response to Defendant McReynolds' request to dismiss for lack of prosecution, Plaintiff explained that he underwent surgery in February 2003 and in June 2003. The attachments to this pleading, however, indicate that he is not incapacitated. As of June 13, 2003, his physician only restricted him from heavy work and released him to "perform light work duties." *Doc. 56*, Exh. D. Moreover, after my order entered, Plaintiff filed other pleadings. I therefore find that his medical condition does not constitute sufficient "cause" for failing to respond to my order. Accordingly, I recommend that this action be dismissed for lack of prosecution.

## II. Remaining Claims Are Without Merit

Alternatively, I recommend that his remaining two claims be dismissed as without merit.

### A. Injunctive Relief Moot Per Release From Prison

The injunctive relief Plaintiff seeks – release from administrative segregation to the general prison population – is moot per his release from prison. *E.g., Gillette v. New Mexico Parole Bd.*, 42 Fed. Appx. 210, 212 (10th Cir. 2002). Although his release does not moot his claims for damages, as seen below they are without merit and should be dismissed.

### B. Retaliation Claim Fails

The claim the Tenth Circuit previously remanded for consideration is Plaintiff's allegation that, while housed in the Guadalupe County Correctional Facility, Defendant Neely retaliated in response to Plaintiff's inmate grievances by placing Plaintiff in administrative segregation. Plaintiff asserts Defendant Neely caused him to be placed in administrative segregation based on an unsubstantiated allegation that Plaintiff attempted to persuade a prison

2

employee to join an organization Plaintiff had "formed." *See Doc. 22* at 3; *see also Doc. 7* at 2-C - 2-D; *Doc. 28* at 2-F - 2-G.

The claim should be dismissed because this matter is proceeding against the three individual defendants solely in their personal capacities and Defendant Neely has never been made a party to this action despite two extensions. *See Doc.27* at 3 ("plaintiffs claims against Defendants Neely, Hatch, and McReynolds in their official capacities will be dismissed as frivolous."); *see also Docs. 41, 45.*

Furthermore, Plaintiff's placement in administrative segregation while in the Guadalupe Facility is inseparable from his efforts to represent other inmates in their lawsuits, a practice that this Court and the Tenth Circuit have already ruled is not constitutionally protected. *See e.g., Doc. 22* at 2. As Plaintiff admits in his Second Amended Complaint, in February 2000, when he was advised by prison staff that he was "not allowed to represent any more inmates at the Guadalupe . . . Facility." *Doc. 28* at 2-E. Plaintiff asserts that the Warden then instructed the librarian to "remove Plaintiff from employment status of legal aide." *Id.*

Plaintiff, however, ignored the prison officials' decision and "continued to assist inmates with their legal needs." *Id.* Plaintiff was of the mistaken opinion that he was entitled to represent the other inmates as "founder and President of the 'Jailhouse Lawyer's Association,'" an organization that Plaintiff had "registered with the State of New Mexico." *Id.* at 2-D. For example, in April 2000, he was found guilty of making 10,578 copies in the library on his copying code and failing to have the inmates for whom he was doing the copying fill out the requisite request form for copies. *See Doc. 52,* Exh A (attached Exh. 1). He pursued grievances filed in June 2000 where he challenged the February order, challenged Defendant Neely's authority, and attempted to elicit outside intervention to allow his "association" to continue.

3

The grievances were denied.[1]

On July 5, 2000, an officer filed a disciplinary report because Plaintiff insisted on going to the law library instead of back to his work as a pod porter as ordered. Plaintiff filed a grievance over the incident and, following a hearing which Plaintiff attended, the disciplinary report was upheld. *See Doc. 28,* Attachment 3 (pages 2-4); *id.,* Attachment 9.

Finally, on July 7, 2000, Plaintiff was called to the warden's office where he was confronted by Defendant Neely, by a prison employee to whom Plaintiff allegedly had written a letter, and by others. According to Defendants, the letter solicited the prison employee to join Plaintiff's "association."[2] Plaintiff denied writing the letter, but satisfied that he was attempting to persuade a staff member to join with him, the prison placed Plaintiff in administrative segregation for attempting a personal relationship with staff and as a threat to prison security. Ferguson was subsequently transferred to the Santa Fe State Penitentiary. *See id.,* Attachment 1; *Doc. 52,* Exh. A (attachment marked Exhibit 3).

In his Second Amended Complaint, Plaintiff fails to submit any different material in

---

[1] *See Doc. 28,* Attachment 8 (grievance dated 6/23/00: "This grievance is being filed due to Lt. Neely's harassment of three individuals regarding my 'LEGAL' Jailhouse Lawyers Association. Mr. Neely asking questions and attempting to instigate statements from these individuals without cause. First of all legal mail to legal law librarians are considered legal mail, and Lt. Neely never had justification to withhold that mail; second, my Association is 100% legal and registered with the state of New Mexico." This grievance was returned to Plaintiff because he filed it on behalf of other inmates.); *id.,* Attachment 9 (grievance dated 6/21/00: Plaintiff had "mailed several legal articles to the federal agency -- the United States Postal Service – and, I requested assistance from the inspector general pertaining to interference with United States Mail (Legal correspondence). There were also several articles were mailed by inmates and thru me as their legal representative. This practice is accepted under federal legal standards and well grounded within the constitution." At page "20 of 32" of the attachments to this grievance, Plaintiff challenged Neely's authority, referring to Neely as a "self proclaimed warden, chief, federal agent, and president of the United States" and stating "Lt. Neely's ignorance has not allowed him to grasp -- that is, Lt. Neely's high school diploma is no match for a jailhouse lawyer trained in the skill of legal research. And further, a jailhouse lawyer who will not stoop the level of ignorance that would be required to argue with an repugnant individual." The grievance was denied by the Director of Adult prisons after investigation.).

[2] The note is not part of the record, and Plaintiff disputed writing it. *See Doc. 28,* Attachment 3.

4

support of his claim than he had submitted with his Amended Complaint before the Tenth Circuit ruled. *Compare Doc. 7* (attachments), *with Doc. 28* (attachments). The Tenth Circuit previously found that Plaintiff's Amended Complaint passed the "low threshold required to avoid [dismissal]." *Doc. 22* at 4, n.1. It cautioned, however, that "in order to proceed, it is essential that Mr. Ferguson prove specific facts showing retaliation resulting from [filing grievances.] Conclusory allegations of constitutional retaliation are simply insufficient." *Id.*

Plaintiff wholly fails to show that "filing a grievance was the 'but for' cause of his segregation." *Purkey v. Green*, 28 Fed. Appx. 736, 746 (10th Cir. 2001) (citing *Peterson v. Shanks*, 147 F.3d 1140, 1144 (10th Cir. 1998). The documents Plaintiff and Defendants submitted do not demonstrate an improper retaliatory motive for his placement. Rather, they indicate that the temporal proximity between the grievances and the placement are nothing more than coincidence given the long-running disagreement between Plaintiff and prison officials over his insistence on representing other inmates. In any event, "[s]tanding alone, temporal proximity between the alleged exercise of rights and the administrative segregation does not constitute sufficient circumstantial proof of a retaliatory motive." *Weatherall v. Scherbarth*, 2000 WL 223576 (10th Cir. 2000); *Wright v. McCotter*, 1999 WL 76904 (10th Cir. 1999) (same). Accordingly, I find this claim without merit.

### C. *Mandatory Cognitive Education*

Plaintiff claims that he was forced to make "incriminating" statements during mandatory classes held for inmates in administrative segregation at the penitentiary in Santa Fe and that he potentially could lose good time credits for failing to attend, in violation of due process. *See*

5

*Doc. 28* at 2-O - 2-P; *see also Doc. 33*. Defendant McReynolds' affidavit explains that the New Mexico Legislature mandates an incentive step program and education for inmates classified at "Level V." *Doc. 52*, Exh. A (¶13). This includes "Cognitive Education . . . the mechanism for identifying deficiencies in an inmate's decision-making skills that contribute to a failure, and then teach a method for changing outcomes." *Id.* "It focuses on tactics that people use to avoid responsibility for their actions, and proposes alternative responses that contribute to positive results." *Id.* The program "has contributed to a significant reduction in the number of inmates who return to long-term segregation, as well as a marked decrease in the incidence of violence in the prison system." *Id.*

The claim that this mandatory education program violates due process is not viable in light of the Supreme Court's decision in *McCune v. Lile*, ___ U.S. ___, 122 S. Ct. 2017 (2002), which upheld a Kansas mandatory program for sex offenders that required they admit their crimes. Other Tenth Circuit decisions establish that such mandatory programs are not unconstitutional. *E.g., Searcy v. Simons*, 299 F.3d 1220 (10th Cir. 2002) (after *McCune*; treatment program for sexual offenders that forfeited good time credits for lack of participation and required admission of responsibility upheld against challenges based on self-incrimination, first amendment, and due process); *Love v. McKune*, 33 Fed. Appx. 369 (10th Cir. 2002) (prior to *McCune*; mandatory incentive level system program that tied inmate privileges to participation in programs and good behavior does not violate due process).

Wherefore,

**IT IS HEREBY RECOMMENDED** that this action be dismissed for lack of prosecution or, alternatively, that Defendant McReynolds' motion for summary judgment *(Doc. 51)* be granted and the action be DISMISSED.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE

| SENDER: | |
|---|---|
| • Complete items 1 and/or 2 for additional services.<br>• Complete items 3, and 4a & b.<br>• Print your name and address on the reverse of this form so that we can return this card to you.<br>• Attach this form to the front of the mailpiece, or on the back if space does not permit.<br>• Write "Return Receipt Requested" on the mailpiece below the article number.<br>• The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery. | I also wish to receive the following services (for an extra fee):<br>1. ☐ Addressee's Address<br>2. ☐ Restricted Delivery<br>Consult postmaster for fee. |
| 3. Article Addressed to:<br><br>Andrew Ferguson<br>475 Clancy #7<br>Truth or Consequences, NM 87901 | 4a. Article Number<br>P 991 587 147<br>4b. Service Type<br>☐ Registered   ☐ Insured<br>☒ Certified    ☐ COD<br>☐ Express Mail  ☒ Return Receipt for Merchandise<br>7. Date of Delivery<br>6/18/03 |
| 5. Signature (Addressee) | 8. Addressee's Address (Only if requested and fee is paid) |
| 6. Signature (Agent) | |

PS Form 3811, November 1990  ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**

To file →
left-hand side

CIV 00-1371

